IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

KELLIE JOHNSON

CRIMINAL NO. 09-698

FILED
APR 27 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Jones II, J.                                                                 April 26, 2010

## MEMORANDUM

This matter is before the Court on Defendant's Motion for Bail Pending Appeal (Dkt. No. 16) ("Motion"). Upon consideration of said Motion, as well as the Government's Reply (Dkt. No. 18) ("Govt. Reply"), and for the reasons set forth below, the Court will deny the Motion.

### I. BACKGROUND

On January 14, 2010, Defendant pled guilty before this Court to the charge of theft by a government employee, in violation of 18 U.S.C. § 654. During her plea colloquy, Defendant admitted that while working as an airport screener for the Transportation Security Administration ("TSA"), she took $100 from the purse of a passenger she was screening in her capacity as a Transportation Security Officer ("TSO"). Defendant was apprehended after the passenger arrived at her airline gate, realized the money was missing and returned to the TSA screening area to investigate. Defendant attempted to avoid detection by removing the stolen money from her pocket and dropping it on the floor. Once apprehended, however, Defendant admitted to the theft.

1

On April 12, 2010, after Defendant arrived nearly an hour late for her sentencing hearing, this Court sentenced Defendant on this charge.[1] Over the Government's objection, the Court agreed with Defendant's argument and the Probation Office's assessment that Defendant's applicable Sentencing Guidelines calculation resulted in a total adjusted offense level of 6, with a criminal history category of I, establishing a range of zero to six months' imprisonment.[2] At the conclusion of the sentencing hearing, the Court indicated that it was prepared to impose a sentence of six months in prison, one year supervised release, a $500 fine and a $25 special assessment. Defendant then requested that she be permitted to serve those six months in a halfway house. The Court agreed with this request and imposed sentence as set forth above; Defendant was ordered to surrender no later than noon on May 10, 2010. Counsel for Defendant timely filed notice of her appeal and now seeks bail pending resolution of the appeal.

## II. LEGAL STANDARD

The Bail Reform Act of 1984 "reversed the presumption of bail for a person convicted and sentenced to jail, during the pendency of his appeal." *United States v. Malik*, No. 08-614, 2010 WL 276323, at *2 (E.D. Pa. Jan. 21, 2010) (citing 18 U.S.C. § 3143(b) and *United States v. Miller*, 753 F.2d 19, 22-23 (3d Cir. 1985) (examining legislative history of § 3143(b)).[3] Under 18 U.S.C. § 3143(b), a defendant appealing his conviction may be released pending appeal only

---

[1] Defendant was on bail at the time of sentencing. In addition to arriving late for her sentencing hearing, Defendant was also significantly late to her January 14, 2010 plea hearing.

[2] The Government argued that Defendant was eligible for an additional two-level enhancement because Defendant abused a position of trust, under U.S.S.G. § 3B1.3.

[3] Under Federal Rule of Appellate Procedure 9(c), the "decision to release a defendant sentenced to a term of imprisonment pending appeal is governed by 18 U.S.C. §3143(b)." *United States v. Quiles*, No. 07-391, 2009 WL 764306, at *2 (E.D. Pa. March 23, 2009).

2

if a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Thus, the Third Circuit has held that bail pending appeal may be granted only where the defendant establishes:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for the purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in a reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Miller*, 753 F.2d at 24.

## III. DISCUSSION

It appears that Defendant claims to satisfy all four prongs of the *Miller* test, while the Government suggests that Defendant fails to satisfy even one of the prongs. Because the Court finds that Defendant has not satisfied the third and fourth elements, it will not address the first

3

two.[4]

## A.     Substantial Question

A "substantial question" is one that is both "significant" and "either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. Furthermore, a lack of controlling precedent does not necessarily make a question substantial; the question may lack merit on its face. *Quiles*, 2009 WL 764306 at *3 (citing *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986)). Indeed, an issue may be viewed as "substantial" only where it is "fairly debatable." *Smith*, 793 F.2d at 89.

In the course of Defendant's sentencing colloquy, the Court referenced the terrorist attacks of September 11, 2001 in relation to the crucial role TSOs serve in protecting the United States. Defendant contends that the Court's "reference to and reliance on the attacks of 911 [sic] as a ground for the sentence of incarceration was improper and the sentence was substantively unreasonable" because Defendant's "conduct had no relation to the terrorist attacks of 911 [sic] and 'no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" Motion ¶ 2 (citing *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*)).

In no way did the Court blame Defendant for the September 11 terrorist attacks. However, the Court did draw on their tragedy to illustrate the dangers faced by the public and the need to deter both this Defendant and any other TSA or airline employees from abandoning their

---

[4]In any event, the Court remains unconvinced that Defendant poses a flight risk or that her appeal is for purpose of delay. Per the Government's Reply, however, the Court does note Defendant's tardiness to her plea and sentencing hearings, as well as the fact that she did not request bail at the time of her sentencing. *See* Govt. Reply at 4-5.

security responsibilities to pursue criminal endeavors. In other words, the Court emphasized not only Defendant's crime in stealing from a passenger in the course of her duties as a TSO, but also the possibility that she may have missed screening potentially dangerous passengers or luggage because she was distracted by the theft she undertook. This risk, the Court suggested, could not be countenanced in the future, and Defendant's sentence needed to reflect that need for deterrence.[5]

## B. Likelihood of Benefit to Defendant

Even if Defendant's appeal regarding the Court's reference to September 11 did raise a substantial question, it would still not be likely to result in a reversal, an order for a new trial, an elimination of her sentence of imprisonment, or a reduction of the term of imprisonment to a period less than the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B). The Court gave substantial consideration to all factors raised at sentencing, and imposed a reasonable sentence likely to be upheld upon appellate review. In fact, the Court sentenced Defendant on the basis of a Guidelines calculation *advocated by Defendant*, and sentenced her within the range set forth by the Guidelines for that calculation. *See Rita v. United States*, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."); *United States v. Goff*, 501 F.3d 250, 257 (3d Cir. 2007) (*Rita* "supports our prior instruction that 'a within-guidelines range sentence is *more likely* to be reasonable than one that lies outside the advisory guidelines range[.]'") (citing *United States v. Coleman*, 451

---

[5] While the issue concerning the Court's September 11 reference may find no governing precedent, "that alone does not make it 'substantial.'" *See Malik*, 2010 WL 276323 at *4 (citing *Smith*, 793 F.2d at 89).

F.3d 154, 158-59 (3d Cir. 2006) (emphasis in original)).

## IV. CONCLUSION

Defendant has not met her burden to establish that release pending appeal is warranted under 18 U.S.C. § 3143(b). Accordingly, Defendant's Motion will be denied for the reasons set forth above.

An appropriate Order follows.